UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

WHAT DO YOU MEME LLC

        Plaintiff,

v.

GUI HAIHUA

        Defendant.

------------------------------------------

Civil Action No. 25-cv-7486

## COMPLAINT

The Plaintiff, What Do You Meme, LLC (hereinafter, "Plaintiff") by and for its complaint against Defendant, Gui Haihua ("Defendant") hereby alleges and states:

## INTRODUCTION

1. This is an action for Copyright Infringement, 17 U.S.C. § 101, et seq.

2. Plaintiff, What Do You Meme, LLC is a limited liability company, located at 233 Spring Street, 5th Floor West, New York, New York 10013.

3. Upon information and belief, Gui Haihua is, a Chinese individual with a principal place of business located at No. 578, Jihua Road, Bantian Community, Bantian Subdistrict, Longgang District, Shenzhen, China.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 17 U.S.C. 101.

1

5. This Court has personal jurisdiction over Defendant because Defendant regularly transacts, does, and solicits business in this judicial district, including by offering to sell, or causing to be offered for sale, and/or selling products and/or services in this district, including the infringing products at issue in this lawsuit, and/or because Defendant has committed tortious acts within this jurisdiction and has caused injury to Plaintiff in this district as alleged further herein. Furthermore, Defendant has consented to the jurisdiction of this Court under 17 U.S.C. § 512(g)(3)(D).

6. Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and Plaintiff resides in this District.

**FACTUAL BACKGROUND**

**The Parties**

7. Founded in 2016 in New York City, Plaintiff is an entertainment consumer product company driven by the digital age and inspired by pop culture. Plaintiff's business focuses on products that customers can relate to — things that make people feel good, get them to hang out together, and just have a good time.

8. Plaintiff has a portfolio that features over 150 unique products, including a wide array of adult party games as well as family-friendly games, kids' games, outdoor games, plush toys, and more.

9. On information and belief, Defendant is a Chinese individual that operates an Amazon.com storefront under the trade name "Perfect Care Ltd".

**Plaintiff's Copyrights**

10. One of Plaintiff's successful products is its KOLLIDE action skill game, released in 2024.

11. Plaintiff's KOLLIDE game reached immediate success, selling hundreds of thousands of units in just its first year since being launched.

12. Through significant investment in marketing its KOLLIDE game, including significant marketing and advertising expenditures, Plaintiff has obtained wide public recognition and goodwill for this brand.

13. Plaintiff's online and social media marketing efforts for its KOLLIDE game has reached an incredibly broad audience with over 20 million views and one million likes across various platforms.

14. Since inception, several social media posts featuring Plaintiff's KOLLIDE game have gone viral, including several videos earning over 100,000 "likes."

15. The KOLLIDE game features a plurality of three-dimensional magnetic game pieces, which are placed in a play area, where the players try to avoid a situation where the magnetic game pieces attract each other.

16. Plaintiff is the copyright owner of all elements of its KOLLIDE game, including the Game Components and the Instructions, as well as certain marketing photographs for the KOLLIDE game ("Copyrighted Works").

17. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

18. Plaintiff is the owner of valid and subsisting United States Copyright Registration for the Copyrighted Works, including Registration No. VA 2-451-479, issued by the

3

United States Copyright Office, with an Effective Date of Registration of May 22, 2025. Attached as Exhibit A is a true and correct copy of the registration certificate for the Copyrighted Works. A copyright registration is also pending for additional game elements, including the Instructions.

**<u>Defendant's Infringing Activities</u>**

19. Defendant markets, offers for sale and sells a game they refer to as a magnetic chess game (the "Infringing Product") on Amazon.com, which infringes Plaintiff's copyright protected works.

20. The Infringing Product features a plurality of three-dimensional magnetic game pieces, which are placed in a play area, where the players try to avoid a situation where the magnetic game pieces attract each other.

21. Photographs of the Infringing Product, shown next to Plaintiff's Copyrighted Work, is depicted below:

| Plaintiff's Registered Image | Name of Work | Copyright Reg No. | Defendant's Infringing Image |
|---|---|---|---|
|  | Kollide_Box-Product | VA 2-451-479 |  |
|  | Kollide_Product 3 | VA 2-451-479 |  |

22. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Works and game, and intentionally copied and/or made derivative works of the Copyrighted Works to create the Infringing Product.

23. The Infringing Product is offered for sale throughout the United States, including into this judicial district, through online retailers such as Amazon.com.

24. That Defendant copied the Copyrighted Works when it created the Infringing Products is evidenced by the striking similarities between the Copyrighted Works and the Infringing Product, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States and the numerous and substantial similarities between the parties' works.

25. Defendant copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

26. Defendant did not seek, and pay, for a license to use the Copyrighted Works.

27. After Defendant copied the Copyrighted Works to create the Infringing Product, it exploited the Infringing Works to promote its own products and increase its own sales, thereby securing a financial windfall for the unauthorized use of Plaintiff's property and rights.

28. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Infringing Works. Defendant has never accounted to, or otherwise paid, Plaintiff for its use of the Copyrighted Works.

29. On or about August 6, 2025, Plaintiff submitted a notice under the Digital Millenium Copyright Act alleging that the Infringing Products violated Plaintiff's rights in the

Copyrighted Works.

30. On or about August 26, 2025, Defendant submitted a counter-notice under the Digital Millenium Copyright Act, disputing that the Infringing Product violated Plaintiff's rights in the Copyrighted Works, and consenting to the jurisdiction of this Court for any dispute relating to the same.

31. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

32. Defendant's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the KOLLIDE Copyrighted Works

33. Defendant's continued infringing activity is willful.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

34. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

35. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

36. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works.

37.　　Plaintiff owns a valid copyright registration for the Copyrighted Works, attached as Exhibit A.

38.　　Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Works, which is copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

39.　　On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendant illegally to obtain profit therefrom, including as evidenced by Defendant's blatant copying of Plaintiff's game instructions, almost verbatim, as depicted in Exhibit B.

40.　　As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Works and products incorporating or embodying the Infringing Work, and an accounting of such profits.

41.　　Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each of the no less than four Copyrighted Works that were infringed by Defendant and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

42. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

43. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

44. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That judgment be entered against Defendant and finding Defendant has knowingly and willfully violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That judgment be entered against defendant granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

    (a) manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market,

     advertise, promote, display, or sell the Infringing Works and any services, advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

  (b) reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Works; and

  (c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

3. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Works and any services, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

4. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the Infringing Works and any products, advertisements and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

5. That Defendant, at its own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendant's behalf, and any advertisements, products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6. Awarding Plaintiff:

    (a) Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

    (b) damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

    (c) should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

    (d) Any enhancements of such damages permitted under law; and

    (e) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 or any other statute or law.

7. For a judgment awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

                              Respectfully Submitted,

By:    _s/ Jeffrey A. Lindenbaum_____
         Jeffrey A. Lindenbaum (JL-1971)
         Jess M. Collen (JC-2875)
         ROTHWELL, FIGG, ERNST & MANBECK, P.C.
         3 Manhattanville Road
         Purchase, New York 10577
         Tel. (914) 941-5668
         jlindenbaum@rothwellfigg.com
         *Attorneys for Plaintiff*

September 9, 2025